IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03022–KMT

VINCENT GABRIEL,

    Plaintiff,

v.

MARSHA ALGER,

    Defendant.

---

# ORDER
---

This matter is before the court on "Defendant's Motion to Substitute the United States as the Sole Defendant for Plaintiff's Claim under the Federal Torts Claims Act."  (Doc. No. 8, filed Nov. 11, 2014.)  On December 1, 2014, Plaintiff filed a "Motion to Quash Exoneration of Defendant, Marsha Alger, from the Proceedings of Civil Action: 14-cv-3022-KMT," (Doc. No. 9), which the court deems to be a response to Defendant's Motion to Substitute.  On December 5, 2014, Defendant filed a "Response to Plaintiff's Motion to Quash Exoneration of Defendant" (Doc. No. 12), which the court deems to be a Reply in support of the Motion to Substitute.  For the following reasons, the Motion to Substitute is GRANTED.

In his Complaint, filed November 7, 2014, Plaintiff alleges that he saw Defendant Marsha Algar, M.D., a physician at Peak Vista Community Health Centers, to address injuries arising from an assault he suffered on July 15, 2013.  (Compl., Doc. No 3, at 2.)  Plaintiff alleges that Dr. Alger "would not even listen to [him] as a patient even though it was his first time to meet

her and he was in pain." (*Id.*) Plaintiff alleges that Dr. Alger saw all documents and photographs of his injury, but noted in his medical records that Plaintiff may have demonstrated "possible malingering." (*Id.*) Plaintiff alleges that Dr. Alger's attitude and conduct exacerbated his medical conditions and inflicted emotional trauma and anxiety. Plaintiff also alleges that he suffered a gastrointestinal bleed that nearly took his life. (*Id.*) Based on these allegations, Plaintiff seeks $30,000 in damages. (*Id.*)

On November 7, 2014, the United States filed a notice of removal of this action from El Paso County District Court pursuant to 28 U.S.C. § 1441(a) and 1442(a)(1). (Notice of Removal, Doc. No 1.) Attached to the Notice of Removal is a Notice of Deeming Action whereby the United States Department of Health and Human Services ("HHS") deemed Peak Vista Community Health Centers, and any of its employees, to be employees of the United States Public Health Service. (Doc. No. 1-1.) *See also* 42 U.S.C. § 233(h) (outlining circumstances under which HHS may designate an entity as a PHS employee).

In the Motion to Substitute, Dr. Alger moves under 28 U.S.C. § 2679 to substitute the United States of America as the sole defendant with respect to Plaintiff's claims for relief. The court agrees that substitution is appropriate.

"An FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment." *Woodruff v. Covington*, 389 F.3d 1117, 1126 (10th Cir. 2004) (citing 28 U.S.C. § 2679(b)(1)). Removal of any civil action and substitution of the United States is proper "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the

suit arose." 28 U.S.C. §§ 2679(d)(1) & (2). The certification "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). Certification is also conclusive for the purpose of substitution. *Aviles v. Lutz*, 887 F.2d 1046 at 1049 (10th Cir. 1989). Furthermore, such an action "shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b) of this title and shall be subject to the limitations and exceptions applicable to these actions." 28 U.S.C. § 2679(d)(4).

The United States Attorney General, through the United States Attorney for the District of Colorado and pursuant to 28 C.F.R. § 15.3, has certified that Dr. Alger was acting within the scope of her employment as an employee of the United States at the time of the incident alleged in Plaintiff's Complaint. (Mot., Ex. A.) Plaintiff maintains that substitution should not be allowed because it would have the effect of "exonerating" Dr. Alger for her alleged negligent acts. (*See generally* Resp.)

The rule in the Tenth Circuit, however, is that certification conclusively establishes the scope of employment for purposes of removal and substitution. *Aviles,* 887 F.2d at 1049 ("[o]nce the attorney general decides under subsection (d)(1) to certify an action, the substitution of the United States as a defendant does not admit of discretion."). *But see S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1540-44 (11th Cir. 1990); *Melo v. Hafer*, 912 F.2d 628, 641 (3d Cir. 1990); *Nasuti v. Scannell*, 906 F.2d 802, 812-13 (1st Cir. 1990); *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir. 1990). The Attorney General need not provide more than the certificate. 28 U.S.C. § 2679(d)(1) & (2). Further, notwithstanding Plaintiff's protest that substitution will have the effect of "exonerating" Dr. Alger, the precise purpose of the FTCA's exclusive remedy provision is "to give federal employees an absolute immunity from common law tort actions"

arising out of acts undertaken within the scope of their employment. *Woodruff v. Covington,* 389 F.3d 1117, 1126 (10th Cir. 2004) (quotation marks and citation omitted). Accordingly, pursuant to the FTCA, the United States will be substituted as the sole defendant with respect to Plaintiff's claims for relief in this action.

Therefore, it is

ORDERED that "Defendant's Motion to Substitute the United States as the Sole Defendant for Plaintiff's Claim under the Federal Torts Claims Act" (Doc. No. 8) is GRANTED. The Clerk of Court is directed to substitute the United States of America for Defendant Marsha Alger. It is further

ORDERED that the United States shall answer or otherwise respond to Plaintiff's Complaint no later than March 26, 2015.

Dated this 5th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge