IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03022–KMT

VINCENT GABRIEL,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER

This matter is before the court on Plaintiff's Amended Complaint, filed May 31, 2015 (Doc. No. 18), as well as the "United States' Motion to Dismiss as Parties Marsha Alger and Peak Vista Health Center for Plaintiff's Claim under the Federal Tort Claims Act" (Doc. No. 19, filed Apr. 1, 2015). For the following reasons, Plaintiff's Amended Complaint is STRICKEN and the Government's Motion to Dismiss is DENIED as moot.

Federal Rule of Civil Procedure 15(a) provides that "if a pleading is one to which a responsive pleading is required," a party may amend its pleading once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2).

Here, the United States filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction on March 5, 2015.  (Doc. No. 15.)  Even assuming that Plaintiff was not actually served with the Government's Motion to Dismiss for Lack of Subject-Matter Jurisdiction until March 9, 2015, *see* Fed. R. Civ. P. 6(a), (d),[1] Plaintiff was permitted to amend his Complaint as a matter of course under Rule 15(a)(1) only through March 30, 2015.  Although Plaintiff's Amended Complaint is dated March 23, 2015, he is not a prisoner, and therefore whether Plaintiff's amendment is timely under Rule 15(a)(1) is governed by the date of filing, not the date of mailing.  *Compare Price v. Philpot,* 420 F.3d 1158, 1163-64 (10th Cir. 2005) (citing *Houston v. Lack,* 487 U.S. 266, 276 (1988)) ("The prisoner mailbox rule . . . holds that a *pro se* prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents.") *with Pickering-George v. Cuomo,* No. 10-cv-0771(GTS/DEP), 2011 WL 1832560, at 4 n.7 (N.D.N.Y. May 12, 2011) *Cowden v. U.S. Dep't of Labor,* No. Civ.A.04CV53JMH, 2005 WL 1691036, at *8 n.10 (E.D. Ky. July 18, 2005) (*Houston v. Lack's* mailbox rule does not apply to non-prisoner litigants).

Accordingly, because Plaintiff's Amended Complaint was filed after the March 30, 2015 deadline for amending his pleading as a matter of course, the Amended Complaint is properly stricken.  The court notes that Plaintiff may still seek to amend his complaint under Rule 15(a)(2) by either filing a motion for leave to amend his complaint or obtaining Defendant's written consent.

---

[1] Rule 6(a) provides that when a time period specified in the rules of civil procedure is stated in days, the court must include every day, including intermediate Saturdays, Sundays, and legal holidays, but if the last day of the period falls on a Saturday, Sunday, or legal holiday, the period continues to run until the next weekday or non-holiday.  Fed. R. Civ. P. 6(d).  Rule 6(d) provides that when a party may or must act within a specified time period after service, three days are added time period specified in Rule 6(a).  *Id.* at 6(a).

Therefore, it is

ORDERED that Plaintiff's Amended Complaint (Doc. No. 18) is STRICKEN and the "United States' Motion to Dismiss as Parties Marsha Alger and Peak Vista Health Center for Plaintiff's Claim under the Federal Tort Claims Act" (Doc. No. 19) is DENIED as moot.

Dated this 10th day of April, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

3