IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03022–KMT

VINCENT GABRIEL,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

**ORDER**

---

This matter is before the court on "Defendant's Motion to Vacate Scheduling Conference." (Doc. No. 25, filed May 27, 2015.) On June 22, 2015, Plaintiff filed a "Reply to Quash Defendant's Motion to Oppose Leave to Amend Complaint, to Oppose Vacating of Scheduling Conference, to Clarify Stated Claims and to Eliminate Defendant's Declaration of Futility and Government Immunity," which appears to be, in part, a response to Defendant's Motion to Vacate. (Doc. No. 29.) Although the deadline for Defendant to file a reply has not yet passed, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d).

In his Complaint, filed November 7, 2014, Plaintiff originally asserted what appears to be a negligence claim against Dr. Marsha Alger, a physician at Peak Vista Community Health Center in Colorado Springs, Colorado, based on comments and notations she made in Plaintiff's medical records during a medical appointment addressing Plaintiff's injuries as a result of a July

15, 2013 assault.  (Doc. No. 3.)  On March 3, 2015, the court granted Defendant's motion to be

substituted as a defendant in place of Dr. Alger because both she and Peak Vista Community

Health Center have been deemed to be employees of the United States.  (Order, Doc. No. 14.)

That same day, March 3, 2015, Defendant filed a Motion to Dismiss for Lack of Subject-

Matter Jurisdiction.[1]  (Doc. No. 15.)  Therein, Defendant moves to dismiss Plaintiff's Complaint

pursuant to Fed. R. Civ. P. 12(b)(1) because he failed to exhaust his administrative remedies as

required by the Federal Torts Claims Act ("FTCA"), 28 U.S.C. 2401(b).  (*Id.*)  Defendant's

Motion to Vacate Scheduling Conference argues that the court should vacate the Scheduling

Conference and stay discovery until it rules on its Motion to Dismiss.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL

894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished).  Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court
> to control the disposition of the causes on its docket with economy of time and
> effort for itself, for counsel, and for litigants.  How this can best be done calls for
> the exercise of judgment, which must weigh competing interests and maintain an
> even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United

States*, 282 U.S. 760, 763 (1931)).  Thus, although generally disfavored in this District, *see*

---

[1] Based on statements made in his Response, it appears that Plaintiff believe that Defendant's
Motion to Dismiss has been denied.  This is incorrect.  Defendant filed a separate Motion to
Dismiss (Doc. No. 19) shortly after Plaintiff filed his now-stricken Amended Complaint (Doc.
No. 18).  Because Plaintiff's Amended Complaint was filed without leave of court after the
deadline for Plaintiff to amend his pleading a matter of course, the court struck Plaintiff's
Amended Complaint and denied the Motion to Dismiss targeted at the Amended Complaint as
moot.  (Order, Doc. No. 20.)  Defendant's earlier-filed Motion to Dismiss remains pending.

*Bustos v. United States*, 257 F.R.D. 617, 623 (D.Colo.2009), a stay of proceedings is an appropriate exercise of the court's discretion.

"[A] court may decide that in a particular case it would be wise to stay proceedings until [certain challenges] have been resolved." *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have also recognized that a stay of discovery may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs, Inc. v. Am. Sci. & Eng'r, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1992) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of proceedings, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

As to the first factor, the court acknowledges that Plaintiff has an interest in proceeding expeditiously with his case. Defendant argues that this interest in overcome by the burden it would face if forced to proceed with discovery where it has asserted a jurisdictional defense that may result in the dismissal of the entire action.

Defendant is incorrect that Plaintiff's failure to comply with the exhaustion requirements of the FTCA constitutes a jurisdictional defense. More specifically, the United States Supreme Court recently held that the time limits for bringing claims under the FTCA are not jurisdictional

because the FTCA provides "no clear statement indicating that [28 U.S.C. § 2401(b)] is the rare statute of limitations that can deprive a court of jurisdiction." *United States v. Wong,* --- U.S. ----, 135 S. Ct. 1625, 1632 (2015).[2]

Nevertheless, the court finds that a stay is appropriate in this case.  In his Response to Defendant's Motion to Dismiss, Plaintiff concedes that he did not exhaust administrative remedies prior to filing this case, but maintains that he has now filed the appropriate paperwork with the Department of Health and Human Services.  (*See* Resp. Mot. Dismiss, Doc. No. 16.) Although the court declines to address at this time the propriety of post-filing exhaustion, the fact that Plaintiff himself seeks a stay of proceedings to allow exhaustion demonstrates that he will not suffer any prejudice if the Scheduling Conference is vacated and discovery is stayed.  More importantly, neither the court or the parties would be well-served by proceeding with discovery only to have this case dismissed for the reasons asserted in Defendant's Motion to Stay.

The final two *String Cheese* factors do not prompt the court to reach a different result. Altogether, having balanced the appropriate factors, the court finds that a stay of discovery is warranted in this case.

Therefore, it is

**ORDERED** that

"Defendant's Motion to Vacate Scheduling Conference" (Doc. No. 25) is GRANTED. All discovery in this action is hereby STAYED and the Scheduling Conference set for July 9, 2015 is VACATED.  The parties shall file a Joint Status Report no later than 10 days after ruling

---

[2] Because *Wong* was issued after Defendant filed its Motion to Dismiss, the court cannot fault Defendant for asserting that the exhaustion requirements of the FTCA constitute a jurisdictional bar.

on Defendant's Motion to Dismiss, if any portion of this case remains pending, to advise whether the stay should be lifted and the Scheduling Conference reset.

Dated this 29th day of June, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge