IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03022–KMT

VINCENT GABRIEL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## ORDER

---

This matter is before the court on the "United States's Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (Doc. No. 15 [Mot.], filed March 5, 2015). Plaintiff filed his response on March 25, 2015 (Doc. No. 16 [Resp.]), and Defendant filed its reply on March 29, 2015 (Doc. No. 17 [Reply]).

### STATEMENT OF THE CASE

On July 14, 2014, Plaintiff initiated this matter in the District Court for El Paso County, Colorado, by filing a Notice, Claims, and Summons to Appear against Dr. Marsha Alger. (Doc. No. 1-2 at 4–5.) Dr. Alger is a physician at Peak Vista Community Health Center ("Peak Vista"), a non-profit Federally-Qualified Health Center by the U.S. Department of Health and Humans Services ("HHS"). (Doc. No. 1.) On November 7, 2014, then-defendant Dr. Alger removed the state-court action to this Court. (Doc. No. 1.) As set forth in the notice of removal, during the time period alleged in the complaint, HHS deemed Peak Vista, and any of its

employees, to be Public Health Service employees. 42 U.S.C. § 233(h). (*See* Doc. No. 1-1.) This court granted Dr. Alger's motion to substitute the United States as a party in light of the U.S. Attorney's certification of scope of employment for her. (Doc. Nos. 8, 14.)

In his state-court complaint, Plaintiff alleges that, sometime in 2013, he went to Peak Vista and saw Dr. Alger. (Doc. No. 1-2 at 5.) Plaintiff asserts that, as a result of the medical visit with Dr. Alger and her interactions with him, his medical conditions were exacerbated, leading to emotional and psychological trauma. (*Id.*) Plaintiff also alleges that Dr. Alger caused him medical and psychological trauma that "nearly claimed [his] life." (*Id.*)

Defendant moves to dismiss Plaintiff's Complaint in its entirety.

## LEGAL STANDARDS

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## 2. *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## ANALYSIS

Defendant argues Plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). (*See* Mot.)

Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). The notice requirements under the FTCA are jurisdictional and "must be strictly construed." *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991); *see also In re Franklin Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004). The FTCA waiver must "be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951) (footnote omitted); *Jackson v. United States*, 789 F. Supp. 1109, 1110–11 (D. Colo. 1992).

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Failure to exhaust remedies requires dismissal of the complaint. *Id.* Under the FTCA, the plaintiff must present his claim "to the appropriate federal agency before suing the United States by filing '(1) a written statement sufficiently describing the injury to enable the agency to begin its own

investigation, and (2) a sum certain damages claim.' " *Cizek v. United States*, 953 F.2d 1232, 1234 (10th Cir. 1992) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgm't*, 724 F.2d 776, 780 (9th Cir. 1984)).  The FTCA provides that a claimant may not file suit unless he first presents such a claim to the appropriate agency, which then must deny the same.  28 U.S.C. § 2675(a).

Defendant argues Plaintiff's Complaint should be dismissed because he failed to exhaust his administrative remedies.  Defendant attaches to its motion the Declaration of Meredith Torres, Senior Agency Attorney in the General Law Division, Office of the General Counsel, Department of HHS.  (Mot., Attach. 1.)  The declaration states that the HHS's Claims Branch maintains a computerized database of administrative tort claims filed with HHS, including those concerning federally-qualified health centers like Peak Vista.  (*Id.*, ¶ 2.)  A search of the Claims Branch database found no record of an administrative tort claim filed by Plaintiff (or by an authorized representative) against Peak Vista or Dr. Alger.  (*Id.*, ¶ 4.)

In his response, Plaintiff concedes that he has failed to exhaust his administrative remedies before filing this action.  (Resp. at 1.)  He argues that the action should be stayed pending the processing of an SF-95 form that he has supposedly submitted to the HHS.  (*Id.* at 2–3.)  Plaintiff's late filing of an SF-95 form does not save his case, however, because the exhaustion requirement is a prerequisite to bringing suit and is not satisfied by a claimant who completes the exhaustion of his administrative remedies after filing suit.  *McNeil*, 508 U.S. at 111–12 ("The most natural reading of the statute [§ 2675(a) ] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.").

Accordingly, Plaintiff is barred from bringing suit regarding the allegations in his complaint.

## CONCLUSION

Therefore, for the foregoing reasons, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.  Accordingly, it is

**ORDERED** that the "United States's Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (Doc. No. 15) is **GRANTED**.  It is further

**ORDERED** that the defendant is awarded its costs to be taxed by the Clerk of Court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. It is further

**ORDERED** that all other pending motions are **DENIED** as moot, and this case is **CLOSED**.

Dated this 16th day of September, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge