IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03022–KMT

VINCENT GABRIEL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

# ORDER

---

This matter is before the court on "Plaintiff's (1) Motion to Reopen Case#: 14-cv-3022-KMT, (2) to Stay Action as Ordered in the Doc#21 Pending HHS Determination and (3) to Seek Relief from Dismissal Orders Pursuant to Eighth Amendment Rights of U.S.C. and Fed.R.Bankr.P. 9024" (Doc. No. 69, filed October 5, 2015). Defendant filed its response on October 13, 2015 (Doc. No. 70), and Plaintiff filed his reply on October 13, 2015 (Doc. No. 71).

On September 16, 2015, this court dismissed Plaintiff's complaint for lack of subject matter for his failure to exhaust his administrative remedies under the the Federal Tort Claims Act ("FTCA"). (*See* Doc. No. 67.) Plaintiff now seeks to reopen his case in light of the Supreme Court's ruling in *United States v. Wong*, 135 S. Cut. 1625 (2015), which held that the time limitations in § 2401(b) are non-jurisdictional and subject to equitable tolling. *Id.* at 1638. That ruling necessarily called into question Tenth Circuit precedent "relating to the jurisdictional status *vel non* of § 2401(b)'s time limitations." *See Barnes v. United States*, 776 F.3d 1134, 1148

(10th Cir. 2015) (holding that "the district court properly dismissed [plaintiffs'] FTCA lawsuit on jurisdictional grounds after correctly determining that the action was time-barred").

When ruling on Defendant's motion to dismiss, this court considered evidence.  In light of *Wong*, the proper procedural motion was not a Rule 12(b)(1) motion but rather a Rule 12(b)(6) motion or a Rule 56(a) motion for summary judgment.  Thus, the court will vacate its judgment and reopen the case only to reconsider Defendant's motion as one for summary judgment.

Therefore, it is

**ORDERED** that the Order granting Defendant's Motion to Dismiss (Doc. No. 67) and the Judgment (Doc. No. 68) are **VACATED**, pursuant to Fed. R. Civ. P. 60(b)(6).  The court will allow Defendant up to and including **April 26, 2016**, to submit a supplemental brief, if necessary, in support of the converted motion to dismiss.  Plaintiff may file a supplemental response no later than **May 10, 2016**.

Plaintiff's motion is **DENIED** in all other respects.

Dated this 12th day of April, 2016.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge